**FILED**

**NOT FOR PUBLICATION**  JAN 11 2007

UNITED STATES COURT OF APPEALS  CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 05-10758 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-01-00136-SOM |
| v. | |
| DOUGLAS CHONG, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted December 6, 2006**
San Francisco, California

Before: NOONAN, HAWKINS, and THOMAS, Circuit Judges.

Douglas Chong ("Chong") appeals the sentence imposed for violating conditions of supervised release arising from his underlying conviction for bank

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

fraud. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM in part, VACATE in part, and VACATE and REMAND in part.

Chong was sentenced to 21 months incarceration, followed by 39 months on supervised release; the sentencing guidelines suggested a sentence of 5-11 months. The court imposed eleven special conditions, among them that Chong live on O'ahu "at the discretion and direction of the Probation Office" and that he not have "any physical contact" with his wife "without the prior approval of the Probation Office." In imposing the sentence, the district court cited Chong's violence, steroid use, and duplicity on the stand.

Because Chong failed to object to the conditions of his supervised release in district court, the conditions are reviewed for plain error. *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003). The ultimate sentence is reviewed for reasonableness. *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006) (citing *United States v. Booker*, 543 U.S. 220 (2005)).

First, the district court is required to state "in open court the reasons for its imposition of the particular sentence," and must state a "specific reason" for the imposition of a sentence outside the guidelines. 18 U.S.C. §3553(c). The district court did offer such reasons: namely, Chong's pattern of violence, the danger he

posed to the community (particularly his wife) and the seriousness of his steroid use.

Second, Chong appeals the special condition requiring him to reside on the island of O'ahu throughout his supervised release period. Because the conduct leading to revocation occurred in Maui, and Chong has a history of drug abuse, drunkenness, and assault while on Maui, the condition is reasonable. During proceedings Chong himself asked to be sent to O'ahu for drug treatment and suggested the court determine whether he should return to Maui if the treatment were a success.

Third, Chong appeals the special condition prohibiting him from physical contact with his wife without the prior consent of his probation officer. Chong's history argues in favor of the restriction, as does the clear danger he poses to his wife. The strong sanction would likely deter him from violence in the future, and the goals of rehabilitation might be advanced by allowing the probation officer to monitor his relationship.

However, the condition unreasonably deprives him of liberty in violation of 18 U.S.C. §3583(d)(2). The condition affects the marital relationship, which is a fundamental liberty interest. *See Zablocki v. Redhail,* 434 U.S. 374, 384 (1978), *Skinner v. Oklahoma ex. rel Williamson,* 316 U.S. 535, 541 (1942), *Meyer v.*

3

*Nebraska*, 262 U.S. 390, 399 (1923). Here, the state is inserting itself into Chong's marital relationship in an overly broad way, and the condition thus involves a greater deprivation of liberty than is reasonably necessary.

The joint operation of Chong's other special conditions also makes the marital visitation restriction unnecessary. The special condition confining him to O'ahu means that his wife will be exposed to Chong only if she, of her own free will, decides to go to O'ahu and visit him. Special conditions prohibit Chong from drinking and make it more difficult for him to get steroids and pain killers; Chong's violent behavior usually manifests itself when he is drunk or on drugs.

Fourth, Chong argues that other special conditions improperly delegate authority to the probation office in violation of *United States v. Stephens*. 424 F.3d 876, 881 (9th Cir. 2005). However, *Stephens* dealt with mandatory conditions under 18 U.S.C. § 3583(d), *see id.* at 879, not the discretionary ones imposed here. Once the district court determined that the conditions applied, delegating "the details of where and when" they would be satisfied was permissible. *Id.* at 880.

Fifth, Chong appeals the part of his sentence resulting from the discrepancy between the oral pronouncement of his sentence and the written judgment. In such a situation, the oral pronouncement controls. *United States v. Hicks*, 997 F.2d

594, 597 (9th Cir. 1993). Accordingly, Chong should be sentenced to a maximum of 180 days confinement in a community corrections center following his release from incarceration, as per the oral pronouncement, not the 180-month sentence given in the written judgment.

We therefore VACATE the marital visitation special condition and VACATE and REMAND the 180-month post-release community confinement sentence for resentencing in accordance with this memorandum.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

FEB 0 5 2007

by: _____
Deputy Clerk